UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| LLOYD MICHAEL HAMILTON, § § Plaintiff, § § v. § § CONOCOPHILLIPS COMPANY and § BURLINGTON RESOURCES OIL & § GAS COMPANY LP, § § Defendants. § | Civil Action No. 6:22-CV-00001 |

## MEMORANDUM OPINION AND ORDER

The jaguarundi is an endangered species of wild cat that is native to the Americas. Plaintiff Lloyd Michael Hamilton believes that his ranch land located in DeWitt County, Texas, is home to an unspecified number of jaguarundis. Hamilton has filed this lawsuit against Defendants ConocoPhillips Company ("ConocoPhillips") and Burlington Resources Oil & Gas Company LP ("Burlington Resources"), alleging that Defendants' proposed business activities on the ranch pose a danger to the jaguarundis in violation of the Endangered Species Act ("ESA"). The Defendants assert that the doctrine of res judicata, or claim preclusion, bars Hamilton from re-litigating this issue. Pending before the Court is the Defendants' Motion to Dismiss on that ground. For the following reasons, the Court **DENIES** the Motion.

I.   BACKGROUND

Hamilton owns the surface estate and an undivided interest in the mineral estate of a 530-acre tract of land located in DeWitt County, Texas, (the "Property"). (Dkt. No.

21 at 2). Hamilton, together with others who own an interest in the undivided mineral estate, leased the mineral interests in the Property to Hawke Enterprises, which subsequently assigned the lease to the Defendants. (*Id.*). As part of their business activities, Defendants construct oil and gas drill pads, drill for oil, frack,[1] and operate wells on the Property. (Dkt. No. 10 at 1). Defendants now propose to build a pipeline and a powerline corridor on the Property. (*Id.*). Hamilton contends that the Property is home to an unspecified number of endangered species of wild cat known as the jaguarundi, and the Defendants' business activities are occurring in areas where the jaguarundis have allegedly been sighted. (*Id.* at 1–2).

## II.   PROCEDURAL HISTORY

Prior to initiating this Civil Action, Hamilton filed a lawsuit against the Defendants in state district court in DeWitt County, Texas, seeking a temporary restraining order, preliminary injunction, and permanent injunction. (Dkt. No. 21-1 at 2–17). In addition to his state-law claims, Hamilton alleged negligence under the ESA in state court. (*Id.* at 10–11). Hamilton also suggested in state court that he intended to file a citizen suit in federal court to enforce the provisions of the ESA once 60 days elapsed from the day he gave formal written notice to the Secretary of the United States Department of the Interior and the Defendants. (*Id.* at 8 n.1). Defendants removed the case to this Court asserting that Hamilton's claims raised a federal question, and the

---

[1] "Fracking is a well stimulation technique in which oil and gas producers inject water, sand, and certain chemicals into tight-rock formations to create fissures in the rock that allow oil and gas to escape for collection in a well." *Chandler v. Phoenix Servs., L.L.C.*, 45 F.4th 807, 810 n.2 (5th Cir. 2022) (internal quotations omitted).

Court had supplemental jurisdiction over Hamilton's state-law claims. (6:20-CV-00059, Dkt. No. 1 at 4–9). Following removal to federal court, Hamilton voluntarily dismissed his claims that were "at least indirectly predicated on a violation of the [Endangered] Species Act," (6:20-CV-00059, Dkt. No. 3 at 1), and moved to remand the case back to state court, (6:20-CV-00059, Dkt. No. 4). Defendants opposed Hamilton's motion to remand, suggesting that the Court stay the case until the mandatory 60-day notice period lapsed, and then allow Hamilton to amend his complaint to assert his ESA claims. (6:20-CV-00059, Dkt. No. 9 at 19).

On October 23, 2020, this Court granted Hamilton's motion to remand declining to exercise supplemental jurisdiction over the case. (6:20-CV-00059, Dkt. No. 15). Hamilton's case was remanded to state court, (*id.*), and called for trial on April 21, 2021, (Dkt. No. 21-6 at 1). A unanimous jury returned a verdict in favor of the Defendants. (Dkt. No. 21-7).

Hamilton now brings this citizen suit under the ESA requesting injunctive relief to protect the jaguarundis. (Dkt. No 10 at 1). The Defendants argue for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that the doctrine of res judicata, or claim preclusion, prevents Hamilton from bringing this suit. (Dkt. No. 21 at 2).

### III.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain

3

statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than labels and conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists. *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether "a complaint contains sufficient factual matter to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Dismissal . . . is appropriate where the plaintiff fails to allege 'enough facts to state a claim that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting

4

*Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965). Rule 12(b)(6) dismissals are generally disfavored. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

## IV. DISCUSSION

Defendants argue that Hamilton should be prohibited from bringing this suit because all the elements of claim preclusion under Texas state law have been satisfied. (Dkt. No. 21 at 7–13). First, Defendants argue that the Texas state court issued a final judgment on Hamilton's state court lawsuit. (*Id.* at 7). Second, Defendants argue that both suits involve the same parties, and in both cases, Hamilton was bringing the suit on his own behalf. (*Id.* at 7–8). Third, Defendants argue that this case arises out of the same subject matter as Hamilton's state-court lawsuit, implicating the same factual inquiries and the same evidence. (*Id.* at 8–10). And fourth, Defendants argue that Hamilton had the opportunity to raise his ESA claims before this Court when the case was removed from state court. (*Id.* at 10–13).

Hamilton responds that he could not have raised his ESA claims in state court because federal courts have exclusive jurisdiction over those claims. (Dkt. No. 30 at 3–5). Further, Hamilton argues that he could not have raised his ESA claims before this Court because the case was not ripe for adjudication as the mandatory 60-day notice period had not expired. (*Id.* at 5–6). Hamilton asserts that any concerns regarding judicial economy should be disregarded, (Dkt. No. 30 at 6–9), and that he does not satisfy the privity requirement of claim preclusion because he brings this suit not in his personal capacity, but as a "private attorney general." (Dkt. No. 30 at 9–11).

Defendants reply that Hamilton is engaged in the very "gamesmanship" that claim preclusion exists to prevent. (Dkt. No. 31 at 1–2). Defendants argue that Hamilton had claims predicated on the ESA pending before this very court that he voluntarily dismissed to "thwart this court's jurisdiction." (*Id.*). Further, Defendants make a distinction between Hamilton's ESA claims being factually ripe versus procedurally ripe. (*Id.* at 4–5). Defendants state that, while the case was not procedurally ripe when removed to this Court, Hamilton rejected Defendant's proposed stay to allow the "clock to run" on the mandatory 60-day notice period. (*Id.* at 4). Last, Defendants argue that the privity requirement of res judicata is satisfied because the citizen suit under the ESA is brought on Hamilton's behalf. (*Id.* at 5–7).

### A.   CLAIM PRECLUSION

"The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022) (quoting *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 570 (5th Cir. 2021) (internal quotation marks omitted)). This case concerns the former. "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Dotson*, 24 F.4th at 1002.

#### 1.   <u>Hamilton's State Court Judgment</u>

To determine the preclusive effect of a state-court judgment in a federal action, "federal courts must apply the law of the state from which the judgment emerged." *Black v. North Panola School Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (quoting *Amica Mut. Ins. Co.*

*v. Moak*, 55 F.3d 1093, 1096–97 (5th Cir. 1995)). Under Texas law, res judicata "bars assertion of a claim in a subsequent case when: (1) there is a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on the same claims as were raised or could have been raised in the first action." *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 591 (5th Cir. 2020) (quoting *Weaver v. Tex. Cap. Bank, N.A.*, 660 F.3d 900, 906 (5th Cir. 2011) (internal quotation marks omitted)).

Here, the requirements for claim preclusion cannot be satisfied because there was no final judgment "on the merits" of the ESA claim, which was not (indeed could not be) litigated in Hamilton's state-court case. To "'trigge[r] the doctrine of res judicata or claim preclusion' a judgment must be 'on the merits.'" *Brownback v. King*, ____ U.S. ____, ____, 141 S.Ct. 740, 748, 209 L.Ed.2d 33 (2021) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502, 121 S.Ct. 1021, 1025, 149 L.Ed.2d 32 (2001)). A judgment is "on the merits" if the underlying decision "actually passes directly on the substance of a particular claim before the court." *Brownback*, ____ U.S. ____, at ____, 141 S.Ct. at 748. The parties agree that the Texas state court issued a final judgment, (Dkt. No. 21 at 7; Dkt. No. 30 at 3); however, neither party addresses whether the final judgment was decided on the merits for purposes of claim preclusion.

Citizen suits brought under the ESA are within the exclusive jurisdiction of the federal courts. 16 U.S.C. § 1540(g)(1) ("The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce any such provision or regulation . . ."). In this instance, the Texas state court did not have subject-

matter jurisdiction over Hamilton's ESA claims. For purposes of claim preclusion, if the court rendering the judgment lacked subject-matter jurisdiction over a claim, then the claim could not have been raised. *Hammervold v. Blank*, 3 F.4th 803, 809 (5th Cir. 2021) (citing *Browning v. Navarro*, 887 F.2d 553, 558 (5th Cir. 1989)). Therefore, the Texas state court could not have entered a final judgment on the merits of Hamilton's ESA claims. As such, the requirements of claim preclusion with respect to the state court judgement are not satisfied in this case.

### 2. Hamilton's Voluntary Dismissal of His ESA Claims in Federal Court

While Hamilton could not have raised his ESA claims in Texas state court, he had the opportunity to raise those claims before this Court. However, instead of pursuing those claims, Hamilton chose to voluntarily dismiss all his claims predicated on the ESA. The Court finds that Hamilton's voluntary dismissal of his ESA claims does not have preclusive effect.

Fifth Circuit precedent makes clear that dismissal without prejudice "indicates that the suit is dismissed without a decision on the merits and is not conclusive of the rights of the parties." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 527 (5th Cir. 2016) (citing *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011)). Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure states that "[u]nless the notice or stipulation states otherwise, [voluntary dismissal by the plaintiff] is without prejudice." When Hamilton was previously before this Court, he filed a notice to voluntarily dismiss his ESA related claims "without prejudice." (6:20-CV-00059, Dkt. No. 3 at 2). After dismissing those

claims, all that remained were state-law claims. (*Id.*). Hamilton requested that this Court remand those state-law claims back to state court. (6:20-CV-00059, Dkt. No. 4). Agreeing, this Court granted Hamilton's motion to remand and declined to exercise supplemental jurisdiction over those remaining state-law claims. (6:20-CV-00059, Dkt. No. 11). Therefore, although this Court had subject-matter jurisdiction over Hamilton's ESA related claims, and Hamilton could have continued to pursue those claims before this Court, he chose to dismiss those claims without prejudice. There has been no final judgment on the merits of Hamilton's ESA claims. Hamilton's voluntary dismissal of his ESA claims does not have a preclusive effect over the case now pending before this Court.

Because the first element of claim preclusion has not been satisfied, the Court need not analyze the remaining elements. As claim preclusion was the only basis for dismissal, Defendants' Motion to Dismiss is denied.

## V.   CONCLUSION

Considering the foregoing analysis, the Court **DENIES** Defendants' Motion to Dismiss. (Dkt. No. 21).

It is SO ORDERED.

Signed on February 21, 2023.

                                                       _____
                                                                        DREW B. TIPTON
                                                             **UNITED STATES DISTRICT JUDGE**