United States District Court
Southern District of Texas
**ENTERED**
May 09, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| LLOYD MICHAEL HAMILTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 6:22-CV-00001 |
| | § | |
| CONOCOPHILLIPS COMPANY, and BURLINGTON RESOURCES OIL & GAS COMPANY, LP, | § § § | |
| | § | |
| | § | |
| *Defendants.* | § | |

# AGREED PROTECTIVE ORDER

Defendants, ConocoPhillips Company ("Conoco") and Burlington Resources Oil & Gas Company LP ("Burlington") (collectively "Defendants"), and Plaintiff, Lloyd Michael Hamilton ("Plaintiff"), through their undersigned counsel, agree to the entry of an order so that the parties may protect the confidentiality of information and items obtained in the course of discovery in this action. After considering the record concerning the terms of a Protective Order (or "Order"), the Court orders that the following restrictions and procedures apply to certain information, documents, and excerpts from documents that the parties produce to each other during initial disclosures and in response to discovery requests.

1. "Confidential Information" refers to private, secret, or restricted information of any party that by its nature must be maintained in confidence to protect the interests of the party. Counsel for any party, or a *pro se* party, may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as Confidential Information where determined in good faith that such designation is necessary. The party making such designation must stamp the documents or information with indication of "CONFIDENTIAL."

2. Unless otherwise ordered by the Court or provided for in this Order, any party receiving Confidential Information:

   a. Must hold and maintain such information or document solely for use in connection with this action; and

   b. Must not disclose the information or document to any other person.

3. The parties must make a good faith effort to resolve any challenge to another party's confidentiality designation. The challenging party may seek resolution by the Court in the absence of agreement.

4. Information or documents designated as "confidential" must not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts retained by either party to the extent deemed necessary by retaining counsel;

   d. Any person from whom testimony is taken or is to be taken in this matter, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information; and

   e. The Court, including any clerk, stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(a), (b), (c), and (d), counsel must:

   a. Inform the person of the confidential nature of the information and documents; and

b. Inform the person that this Court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(c) and (d), counsel must also obtain a signed agreement binding the person to this Order in the form attached as Exhibit A. The party desiring to disclose Confidential Information may seek appropriate relief from the Court in the event such person refuses to sign an agreement.

7. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to later designate such document or information provided that the producing party designates such material as Confidential Information no later than fourteen days after the close of discovery. Upon such designation, all parties must treat such document or information as Confidential Information. No producing party may hold a receiving party accountable for any use or disclosure prior to such designation.

8. If a Party wishes to file with the Court documents or things (including motions, briefs, or pleadings) containing or referring to Protected Information, this Order serves as a temporary sealing order, sealing such Protected Information under Federal Rules of Civil Procedure without necessity for a separate motion or order. Any document or thing that contains or refers to Protected Information must be filed under seal. In addition to filing such documents or things under seal, the filing Party must immediately give written notice of the filing of Protected Information to the Designating Party who designated the information as CONFIDENTIAL INFORMATION if the Designating Party is not included on the Court's notice of electronic filing. Protected Information filed under seal pursuant to this Order shall remain temporarily sealed until final disposition of this case. If the Designating Party wishes to seek sealing for a longer duration, the Designating Party must file a motion and notice within thirty (30) days after final disposition

of this case, and the Court will subsequently hold a hearing on all such motions in accordance with the Federal Rules of Civil Procedure. Protected Information may be offered into evidence at trial or at any hearing in open court, but prior to offering any such evidence, the offering Party must show a copy of the evidence to the Designating Party and give the Designating Party the opportunity to ask the Court for an order that the evidence be received under seal, *in camera*, or under other conditions that prevent unnecessary disclosure of the Protected Information.

9. Within thirty days after entry of final judgment no longer subject to further appeal, each party must return all Confidential Information and any copies to the producing party or provide certification of its destruction. Each parties' counsel may retain their working files on the condition that those files will remain confidential.

10. The foregoing is without prejudice to the right of any party to apply to the Court for an order to:

a. Further protect Confidential Information;

b. Seek protection regarding the production of documents or information;

c. Compel production of documents or information; or

d. Modify this Order.

11. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable law and rules.

12. Any party may enforce this Order by motion to the Court. Any violation may result in the imposition of sanctions.

Drew B Tipton

May 09, 2023

HONORABLE JUDGE PRESIDING

AGREED:

*<u>/s/ Michael J. Mazzone</u>*
Michael J. Mazzone
Federal I.D. No. 4267
Texas Bar No. 13313000
michael.mazzone@haynesboone.com
Mini Kapoor
Federal I.D. No. 1692359
Texas Bar No. 24080969
mini.kapoor@haynesboone.com
Julia Peebles
Federal I.D. No. 3350745
Texas Bar No. 24096131
Julia.peebles@haynesboone.com
HAYNES AND BOONE, LLP
1221 McKinney, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2115
Fax: (713) 236-5662

Scott Janoe
Federal I.D. No. 27577
Texas Bar No. 24012897
Scott.janoe@bakerbotts.com
Baker Botts, LLP
910 Louisiana Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 229-1553
Fax: (713) 229-7953

Kevin D. Cullen
Federal I.D. No. 957
State Bar No. 05208625
kcullen@cullenlawfirm.com
Cullen, Carsner, Seerden & Cullen LLP
119 S. Main Street
Victoria, Texas 77901
Telephone: (361) 573-6318

**COUNSEL FOR DEFENDANTS**

*/s/ Jeff Mundy*
Jeff Mundy
Fed Id No. 10632
Texas Bar No. 14665575
jeff@jmundy.com
The Mundy Firm PLLC
4131 Spicewood Spring Road, Suite O3
Austin, Texas 78759
Telephone: (512) 334-4300
Fax: (512) 590-8673

Charles Irvine
Texas Bar No. 24055716
charles@irvineconner.com
Irvine & Conner PLLC
4709 Austin St.
Houston, Texas 77004
Telephone: (713) 524-1012
Fax: (713) 524-4165

Robert B. Dubose
Federal Bar No. 16763
Texas Bar No. 00787396
rdubose@adjtlaw.com
Alexander Dubose & Jefferson LLP
1844 Harvard Street
Houston, Texas 77008
Telephone: (713) 523-2358
Fax: (713) 522-4553

Alexandra Wilson Albright
SDTX Bar No. 3736888
State Bar No. 21723500
aalbright@adjtlaw.com
Alexander Dubose & Jefferson LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Fax: (512) 482-9303

**COUNSEL FOR PLAINTIFF**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| LLOYD MICHAEL HAMILTON,<br><br>*Plaintiff,*<br><br>v.<br><br>CONOCOPHILLIPS COMPANY, and BURLINGTON RESOURCES OIL & GAS COMPANY, LP,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:22-CV-00001 |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I,____________________________________, declare:

1. My current business address (or home address if no business address exists) is ____________________________________________________.

2. I have received a copy of the Protective Order (the "Order") in this action. I have carefully read and understand the provisions of the Order.

3. I agree to be bound by the provisions of the Order.

4. I will hold in confidence and not disclose any Protected Information to anyone.

5. I will use Protected Information only for the purposes of above-styled lawsuit.

6. In the event I am not certain whether disclosure in a particular instance is permissible under the Order, I will request guidance from the counsel for the party providing me with the Protected Information and will disclose such Protected Information only if advised by counsel that such disclosure is permissible.

7. I will return all Protected Information to counsel for the party providing me with the Protected Information in accordance with the provisions of the Order.

8. I consent to the jurisdiction of this Court for the purposes of enforcement of this Order.

9. I declare under penalty of perjury that the above is true and correct.

Dated: ___________________ By: _______________________________

4882-1568-5984 v.1